UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRYANT KEITH PENNINGTON,

                Petitioner,

v.                                CASE NO. 05-CV-71976-DT
                                HONORABLE ARTHUR J. TARNOW

KURT JONES,

                Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Bryant Keith Pennington has filed a habeas corpus petition under 28 U.S.C. § 2254.  Also pending before the Court are:  Respondent's motion to dismiss the habeas petition, Petitioner's motion not to dismiss the habeas petition, and Petitioner's motion to correct the habeas petition.  The *pro se* petition challenges Petitioner's plea-based convictions for assault with intent to commit murder and possession of a firearm during the commission of a felony.

Respondent argues in a motion to dismiss the habeas petition that Petitioner did not raise his habeas claim in state court and that he still has an available state remedy to exhaust.  Petitioner has asked the Court not to dismiss his habeas petition.  He seeks to modify the habeas petition by substituting the claim that he raised in state court for his unexhausted claim.  Neither the original claim, nor the proposed claim, are grounds for granting the writ of habeas corpus.  Therefore, the habeas petition will be denied.  A procedural history and discussion follow.

### I.  Background

Petitioner was charged in Wayne County, Michigan with armed robbery, assault with intent to do great bodily harm less than murder, felon in possession of a firearm, possession of a

*Pennington v. Jones*, No. 05-71976

firearm during the commission of a felony, and being a habitual offender.  On September 25, 2002, the prosecutor amended the criminal information to substitute the offense assault with intent to commit murder for the offense assault with intent to do great bodily harm less than murder.  Petitioner then pleaded guilty to assault with intent to commit murder and possession of a firearm during the commission of a felony. In return, the prosecutor dismissed the other charges, including the habitual offender count.  In addition, the trial court agreed to sentence Petitioner to a minimum sentence of no more than eight years for the assault and two additional years for the felony firearm offense.

On the date set for sentencing, Petitioner sought permission to withdraw his guilty plea. The trial court denied Petitioner's request and sentenced him to two years in prison for the felony firearm conviction and eight to thirty years in prison for the assault conviction.

On August 23, 2003, Petitioner again moved to withdraw his plea, but the trial court denied his motion.  Petitioner then applied for leave to appeal his convictions, raising one claim:

> The trial court abused its discretion in denying Defendant's motion to withdraw his plea when the factual basis for the plea was inadequate to convict Defendant of assault with intent to murder.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented. *See People v. Pennington*, No. 251288 (Mich. Ct. App. Dec. 17, 2003).  Petitioner raised the same claim in the Michigan Supreme Court, which denied leave to appeal on June 30, 2004.  *See People v. Pennington*, 470 Mich. 885; 682 N.W.2d 94 (2004) (table).

Petitioner signed and dated his habeas petition on May 11, 2005.  The sole ground for relief and supporting facts read:

2

*Pennington v. Jones*, No. 05-71976

Conviction obtained by guilty plea which Petitioner had not been informed of the elements to which he was pleading, specifically the "intent [to] kill."

On 9/25/02 the day of trial, the prosecutor amended the information to include the charge of assault with intent to commit murder. (PT3). The only discussion of the charge was the sentence the court would impose if Petitioner plead[ed] guilty (PT 4). No one explained the essential elements of the charge to Petitioner. He blindly pleaded guilty to receive an 8 year sentence as oppose[d] to a paroleable LIFE sentence.

Habeas Corpus Pet. at 5. Respondent argues that this claim is unexhausted.

## II. Discussion

### A. Exhaustion of State Remedies

The Supreme Court has explained that,

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan, supra,* at 365-366; *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted). This doctrine of exhaustion of state remedies "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)), *cert. denied,* __ U.S. __, 125 S. Ct. 1653 (2005).

Petitioner alleged on appeal from his convictions that the factual basis for his plea was inadequate. In contrast, he alleges in his habeas petition that his guilty plea was involuntary

*Pennington v. Jones*, No. 05-71976

because he was unaware of the elements of the offense to which he pleaded guilty. Because Petitioner has not presented his habeas claim to the state courts, his claim is unexhausted.

Federal courts may deny a habeas petition "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because Petitioner's unexhausted claim lacks merit, it would be a waste of time and judicial resources to require exhaustion. *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)). The Court therefore will proceed to address Petitioner's claim. Review is *de novo*, because no state court adjudicated the claim. *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, __ S. Ct. __, 2006 WL 37222 (U.S. Jan. 9, 2006) (No. 05-7004).

### B. Knowledge of the Elements of the Offense

Petitioner alleges that he was not informed of the elements of assault with intent to commit murder. He implies that his lack of knowledge of the elements resulted in an involuntary and unintelligent plea.

A guilty plea involves a waiver of constitutional rights and, therefore, must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Courts look to all the relevant circumstances when determining whether a plea was entered voluntarily. *Id.* at 749. "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him." *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir.

4

*Pennington v. Jones*, No. 05-71976

1993) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

A defendant does not necessarily need to be told the elements of the crime at the plea proceeding. *Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991) (quoted in *McGlocklin*, 8 F.3d at 1047-48). In other words, a failure to explain the elements of a crime does not mean that the defendant lacked knowledge of the nature or substance of the charge to which he pleaded guilty. *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984). A defendant is "presumed to have been informed adequately by his counsel of the charge to which he pleaded guilty even when the record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature of the charge has been explained to the defendant." *Id*. Petitioner was represented by counsel at his plea and, therefore, is presumed to have been informed of the elements of assault with intent to commit murder.

Moreover, it was stated at the plea proceeding that Petitioner would be pleading guilty to assault with intent to commit murder. (Tr. Sept. 25, 2002, at 4.) Although Petitioner contends that he did not understand that "intent to kill" was an element of the offense, the offense itself includes the phrase "intent to commit murder." Thus, by pleading guilty to assault with intent to commit murder, Petitioner acknowledged that intent to kill was an element of the offense. He has failed to demonstrate that his guilty plea was involuntary and unintelligent.

### C. Petitioner's Motion to Correct the Habeas Petition

Petitioner's motion to correct the habeas petition seeks permission to litigate the claim that Petitioner raised in state court, namely, that the factual basis for his plea was inadequate to support his conviction. The Court construes Petitioner's motion to correct his habeas petition as

*Pennington v. Jones*, No. 05-71976

a motion to amend the petition.[1]  An amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2).  The Supreme Court has interpreted Rule 15(c)(2) to mean that "[a]n amended habeas petition . . . does not relate back (and thereby escape [the one-year statute of limitations]) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, __ U.S. __, __, 125 S. Ct. 2562, 2566 (2005).

The facts supporting Petitioner's amended claim are similar in time and type to Petitioner's initial claim.  Both claims challenge the validity of Petitioner's guilty plea on September 25, 2002, and both claims focus on the element of intent to kill.  The initial habeas claim alleges that Petitioner was unaware that intent to kill was an element of the offense to which he was pleading guilty.  The amended habeas claim alleges that the factual basis for Petitioner's plea was inadequate because it did not establish an intent to kill.  Because the facts supporting the two claims are similar in time and type, the Court will permit Petitioner to amend or supplement his habeas petition with the claim that he raised in state court.  The claim relates back to the date on which Petitioner signed and dated his habeas petition (May 11, 2005).

### D.  The Factual Basis for Petitioner's Plea

Petitioner's amended or supplemental claim alleges that the factual basis for his guilty

---

[1]  Courts may construe *pro se* documents liberally because the allegations of a *pro se* pleading are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*Pennington v. Jones*, No. 05-71976

plea was inadequate to support his conviction for assault with intent to murder.  Petitioner

contends that there is nothing in the record to demonstrate that he intended to murder the victim

and, therefore, his guilty plea was invalid and must be vacated.  This claim has no merit, because

> [a] plea of guilty and the ensuing conviction comprehend all of the factual
> and legal elements necessary to sustain a binding, final judgment of guilt and a
> lawful sentence.  Accordingly, when the judgment of conviction upon a guilty
> plea has become final and the offender seeks to reopen the proceeding, the inquiry
> is ordinarily confined to whether the underlying plea was both counseled and
> voluntary.  If the answer is in the affirmative then the conviction and the plea, as a
> general rule, foreclose the collateral attack.  There are exceptions where on the
> face of the record the court had no power to enter the conviction and impose the
> sentence.

*United States v. Broce*, 488 U.S. 563, 569 (1989).  Simply stated, "[a] voluntary and

unconditional guilty plea waives all nonjurisdictional defects in the proceedings."  *United States*

*v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

Petitioner was represented by an attorney at his guilty plea, and the trial court had

jurisdiction to accept his plea and to impose a sentence.  Furthermore, Petitioner stated that he

understood the sentencing agreement and the rights he was waiving by pleading guilty.  He also

stated that he no one had forced him to plead guilty, threatened him to make him plead guilty, or

promised him anything other than the terms of the plea and sentencing bargain.  He affirmed that

he wanted to plead guilty to two counts.  He also admitted that he pointed a gun at the victim and

hit the victim on the head about six times with a nine millimeter gun.  The prosecutor informed

the trial court that the victim suffered damage to the jawbone, received sutures, and was

hospitalized for a few days.  The trial court accepted the guilty plea after inferring from the facts

that Petitioner assaulted the victim with intent to commit murder.

7

*Pennington v. Jones*, No. 05-71976

The record indicates that Petitioner's guilty plea was counseled and voluntary. Therefore, substantive review of the factual basis for Petitioner's plea is foreclosed.

### III.  Conclusion

For reasons given above, the habeas corpus petition [Doc. #1, May 19, 2005] and Petitioner's motion not to dismiss the habeas petition [Doc. #6, Nov. 8, 2005] are denied. Respondent's motion to dismiss the habeas petition [Doc. #5, Oct. 20, 2005] and Petitioner's motion to correct the habeas corpus petition [Doc. #7, Nov. 17, 2005] are granted.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  February 10, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary