UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT KEITH PENNINGTON,

        Petitioner,

v.                                          CASE NO. 05-CV-71976-DT
                                             HONORABLE ARTHUR J. TARNOW

KURT JONES,

        Respondent.
_____/

## ORDER GRANTING LEAVE TO PROCEED
## *IN FORMA PAUPERIS* ON APPEAL,
## BUT DENYING A CERTIFICATE OF APPEALABILITY
## AND DENYING PETITIONER'S MOTION
## TO SET ASIDE THE COURT'S OPINION AND ORDER

Petitioner Bryant Keith Pennington has moved to set aside the Court's opinion and order denying his habeas corpus petition. *See* Doc. #22, Apr. 4, 2006. Also pending before the Court are Petitioner's notice of appeal [Doc. #20, Mar. 21, 2006] and his motion to proceed *in forma pauperis* on appeal [Doc. #23, Apr. 13, 2006].

### The Notice of Appeal and Motion to Proceed *In Forma Pauperis*

The Court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

*Pennington v. Jones*, No. 05-CV-71976-DT

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

The habeas petition alleges that Petitioner was not informed of the elements of the crime to which he pleaded guilty. The Court determined in its dispositive opinion that Petitioner did not exhaust state remedies for his claim. The Court nevertheless concluded that the claim lacked merit because Petitioner was represented by counsel at his plea and he is presumed to have been informed of the elements of the crime. *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984). In addition, Petitioner acknowledged the disputed element (intent to kill) when he pleaded guilty.

Petitioner moved to amend his habeas petition to allege that the factual basis for his plea was inadequate. The Court found no merit in that claim because "[a] voluntary and unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

Reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court therefore declines to grant a certificate of appealability. Petitioner, nevertheless, may proceed *in forma pauperis* on appeal.

**The Motion to Set Aside the Court's Opinion and Order**

Petitioner's motion to set aside the Court's dispositive opinion alleges that the trial court lacked jurisdiction to accept Petitioner's guilty plea and to sentence him.  Petitioner asserts that he pleaded guilty to a different offense than the one on which he was bound over, because the prosecutor amended the criminal information by substituting "assault with intent to murder" for "assault with intent to do great bodily harm less than murder."

Petitioner has not exhausted state remedies for this new claim.  Although he seeks to return to state court in order to exhaust available state remedies for the claim, he has not alleged "cause" for failing to exhaust state remedies for his new claim before he filed his habeas petition. *Cf. Rhines v. Weber*, 544 U.S. 269, __, 125 S. Ct. 1528, 1535 (2005).  The Court therefore DENIES Petitioner's motion to set aside the dispositive opinion.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  May 15, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary